Arthur JACKSON, Plaintiff–Appellant,

v.

Steven KRONBERG, Defendant–Appellee.

No. 03–2240.

United States Court of Appeals, Sixth Circuit.

Sept. 17, 2004.

Arthur Jackson, Muskegon, MI, pro se.

Kevin R. Himebaugh, Lansing, MI, for Defendant–Appellee.

Before KRUPANSKY and CLAY, Circuit Judges; and HAYNES, District Judge.*

*ORDER*

Arthur Jackson, a pro se Michigan prisoner, appeals a district court order dismissing his civil rights complaint filed pursuant to 42 U.S.C. § 1983. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Seeking monetary, declaratory, and injunctive relief, Jackson sued Steven Kronberg, a corrections officer at the G. Robert Cotton Correctional Facility in Jackson, Michigan. Jackson's rambling complaint alleged that Kronberg mistreated him on multiple occasions. Kronberg was sued in his personal and official capacities. Upon de novo review of a magistrate judge's report, the district court granted summary judgment to Kronberg.

In his timely appeal, Jackson's brief is construed as arguing that Kronberg subjected him to retaliation on several occasions, that Kronberg's attorney deceived the court, that he has been subjected to cruel and unusual punishment, and that he was denied his right to engage in discovery and present interrogatories. He requests the appointment of counsel.

The district court's judgment is reviewed de novo. *See Smith v. Ameritech,* 129 F.3d 857, 863 (6th Cir.1997).

Summary judgment is appropriate when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. *See* Fed.R.Civ.P. 56(c). A genuine issue of material fact exists when there is "sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 249, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). In applying the summary judgment standard, the court must review all materials supplied, including all pleadings, in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 587, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986). If the evidence is merely colorable or is not significantly probative, then summary judgment may be granted. *Anderson,* 477 U.S. at 249–50.

The moving party bears the initial responsibility of informing the court of the basis for its motion and identifying those portions of the record that establish the absence of a genuine issue of material fact. *See Celotex Corp. v. Catrett,* 477 U.S. 317, 323, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). Once the moving party has met its burden, the nonmoving party must go beyond the pleadings and come forward with specific facts to demonstrate that there is a genuine issue for trial. *See Celotex,* 477 U.S. at 324. The nonmoving party must do more than show that there is a metaphysical doubt as to the material issue. *See Matsushita,* 475 U.S. at 586. It must present

---

* The Honorable William J. Haynes, Jr., United States District Judge for the Middle District of Tennessee, sitting by designation.

significant probative evidence in support of its opposition to the motion for summary judgment in order to defeat the motion. *See Anderson,* 477 U.S. at 249–50.

Jackson contends that Kronberg subjected him to retaliation as a result of filing numerous grievances. To state a claim of retaliation, a plaintiff must establish that: 1) he engaged in protected conduct; 2) he suffered an adverse action which would deter a person of ordinary firmness from continuing to engage in the protected conduct; and 3) the adverse action was motivated, at least in part, by the protected conduct. *Thaddeus–X v. Blatter,* 175 F.3d 378, 394 (6th Cir.1999). "[I]f a prisoner violates a legitimate prison regulation, he is not engaged in 'protected conduct' and cannot proceed beyond step one." *Id.* at 395.

An inmate has a First Amendment right to file grievances against prison officials. *Herron v. Harrison,* 203 F.3d 410, 415 (6th Cir.2000). However, the right is protected only if the grievances are not frivolous. *Id.* Further, to the extent that the grievance challenges a prison regulation that the court deems valid, the filing of the grievance is not a protected activity. *See Smith v. Campbell,* 250 F.3d 1032, 1037 (6th Cir.2001).

■ The thirteen grievances in question were filed between February 4, 2002, and March 5, 2002. All the grievances were rejected at the third step of the administrative review process. Three of the complaints related to items taken from Jackson's cell during shakedowns conducted on January 24, 2002, and February 21, 2002. Jackson was charged with a minor misconduct charge for possessing a vial of Amoxicillin, a pair of pants, and a spoon.

In cases involving a minor misconduct charge, MDOC Policy Directive 03.03.105 gives prisoners the right to a hearing and appeal with respect to property seized as contraband. The policy specifically states that "decisions made in minor misconduct hearings" are "non-grievable" and must be "rejected by the Grievance Coordinator." MDOC Policy Directive 03.02.130. Thus, if Jackson believed that the confiscations were improper, his recourse was under Directive 03.03.105 rather than the grievance process.

Jackson's grievances regarding the medication, clothing, and spoon were rejected on the grounds that Jackson attempted to grieve a non-grievable issue. Since Jackson did not follow the applicable prison procedures, the Amoxicillin grievance is unprotected activity as it is based solely on Jackson's contention that the confiscation was improper. *See Smith,* 250 F.3d at 1037.

The pants grievance challenged the good faith of the prison officials in enforcing the regulation while the spoon grievance asserted that the regulation was selectively enforced. However, Jackson's grievance does not establish retaliation since Kronberg could have overlooked the number on the confiscated pants. Despite the possible mistake, the uncontradicted evidence establishes that the pants were still subject to confiscation. As there is no evidentiary basis in concluding that Jackson was "harmed" by the alleged dishonesty, the pants grievance was meritless.

As for the spoon grievance, Jackson submitted no evidence to support his assertion that the contraband policy was more rigorously enforced in his case than with other prisoners. Therefore, the district court did not err in concluding that the spoon grievance was unfounded.

■ In another shakedown-related grievance, Kronberg allegedly "stole" Jackson's "harassment and prevention policy." The grievance was rejected on the grounds that more information was need-

ed. Absence of a good-faith effort to prosecute the grievance does not necessarily mean the grievance is frivolous. However, constitutional protection does not extend to uncooperative grievants. *See Smith,* 250 F.3d at 1037. Thus, the stolen-policy grievance was not a protected activity.

■ The same analysis applies to five other grievances Jackson wrote in connection with the January 24th shakedown. According to these grievances, Kronberg: 1) left a foul odor in Jackson's cell after completing the shakedown; 2) stole various items from Jackson—his "prescribed diet bag," his "shower bag," and "grievances and other important papers pertaining to problems" Jackson was "experiencing" at the facility; 3) stuck an unknown object into Jackson's medication, from which Jackson developed mouth "sores;" and 4) "subjected" Jackson to "unnecessary restraint." However, the facts establish that Jackson declined to fully cooperate in the grievance-resolution process with respect to the foul-odor allegation, theft claim, medication-tampering, and unnecessary restraint charges. Therefore, these grievances are deemed unprotected. *See Smith,* 250 F.3d at 1037.

■ In another grievance, Jackson complained that Kronberg retaliated against Jackson by placing Jackson in handcuffs on January 24, 2002. This grievance was rejected on the grounds that being "taken to segregation in handcuffs does not constitute a policy violation" and because Jackson failed to substantiate his retaliation claim. Jackson does not challenge the legitimacy of the handcuffing policy. Thus, the handcuffing grievance is unprotected to the extent that Jackson is objecting to the policy itself. *Thaddeus–X,* 175 F.3d at 395.

■ According to another of Jackson's grievances, he "was placed in lock-up for an unknown reason" on January 21, 2002. The grievance was rejected with the explanation that Jackson had been segregated in response to information that he was "going to hurt someone" and that Jackson was released from segregation after an investigation determined that Jackson was not a threat.

Jackson complains that the segregation was based on unreliable information. However, "unreliable" information can warrant precautionary measures and Jackson's placement in segregation is not in itself a constitutional violation. *See Sandin v. Conner,* 515 U.S. 472, 481–87, 115 S.Ct. 2293, 132 L.Ed.2d 418 (1995).

■ Jackson also complained that on February 22, 2002, Nurse James denied his request for a "lay-in." However, Nurse James is not a defendant in this case and Kronberg appears to have no personal involvement with this incident. Therefore, the district court properly dismissed this claim. *See Bellamy v. Bradley,* 729 F.2d 416, 421 (6th Cir.1984).

■ Finally, Jackson complained that Kronberg has a spider-web tattoo. Jackson claims the tattoo serves as an "Aryan Nation symbol." This grievance was rejected because an employee's appearance is not an appropriate issue for grievances. Under prison regulations, "issues which affect the entire prisoner population or significant numbers of prisoners" are not grievable. MDOC Policy Directive 03.02.130. Since the issue is not amenable to the grievance procedure, and Jackson does not argue that the policy is invalid, the tattoo grievance is meritless. *See Smith,* 250 F.3d at 1037.

■ In his remaining arguments, Jackson does not explain with any specificity how Kronberg's attorney deceived the court, how he was subjected to cruel and unusual punishment, and how he was de-

nied the ability to engage in discovery. Therefore, these arguments are deemed to be waived for the purposes of appellate review. *See Buziashvili v. Inman,* 106 F.3d 709, 719 (6th Cir.1997).

Accordingly, we deny the request for counsel and affirm the district court's order. Rule 34(j)(2)(C), Rules of the Sixth Circuit.